UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRANDON RILES,

          Plaintiff,

      v.

CYBRID.XYZ, INC., et al.,

          Defendants.

Case No.  25-cv-09119-AGT

**ORDER DIRECTING SERVICE AND DENYING MOTION FOR ORDER TO SHOW CAUSE**

Re: Dkt. No. 20

The undersigned granted plaintiff Brandon Riles's *in forma pauperis* application and ordered service upon defendants Cybrid.xyz, Inc., Cybrid Financial Technologies, Inc., Avinash Chidambaram, Brent Carrera, and Ali Irshad by the United States Marshal Service (USMS). Dkt. 6. The USMS attempted to service the address for the defendants provided by Riles, but were unsuccessful. Dkts. 14 & 16. One of the addresses was located in Canada; the other was a parking lot. Dkts. 14 & 16. Accordingly, the undersigned ordered Riles to provide updated addresses. Dkt. 17. Riles timely responded to that order with a motion for an order to show cause and a request for alternative service. Dkt. 20. The undersigned now addresses those requests.

In his motion for an order to show cause, Riles argues that the defendants have failed to appear, plead or defend in this action. *See* dkt. 20. That is true, but the defendants have not yet been served. An order to show cause would be therefore premature. The request is denied without prejudice. If appropriate, Riles may seek such an order again in future after

the defendants have been properly served under the federal rules.

Next, Riles seeks permission for alternative service on the defendants. Riles proposes service via email, a registered agent, international mail, or any other method the Court deems appropriate. Dkt. 20 at 3. Riles lists 161 Bay Street, Toronto, Ontario, Canada, as the address for defendant Cybrid.[1] *Id*. at 2. He did not provide addresses for the individual defendants.

Relevant here, Federal Rule of Civil Procedure 4(f)(2)(C)(ii) authorizes service by international mail when an international agreement allows but does not specify other means. Service by international mail cannot be prohibited by the foreign country's laws and must be reasonably calculated to give notice. Fed. R. Civ. P. 4(f)(2)(C)(ii). A signed receipt is required, and such mail must be addressed and mailed by the clerk of the federal district court in which the suit is filed. *Id.*

Here, there is an international agreement. Both the United States and Canada are signatories to, and member countries of, the Convention on the Service Abroad of Judicial and Extrajudicial Documents (the Convention).

The Convention does not prohibit service by international mail. Article 10(a) states that, "[p]rovided the State of destination does not object, the . . . Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad." Canada does not object to Article 10(a) of the Convention. *Underwood v. Coallier*, No. 25-CV-00207, 2025 WL 2373276 (C.D. Cal. May 28, 2025).[2]

Rule 4(f) does not specify any hierarchy or preference of one method over another

---

[1] Riles provides an address for Cybrid Payments Inc. Dkt. 20. This is not the same Cybrid as the entities named in Riles's complaint. *See* dkt. 1.

[2] While Canada does not object and Article 10 does not prohibit service by international mail, "[f]or service by international mail to be effective in federal court, it must also be affirmatively authorized by some provision in federal law." *Brockmeyer v. May*, 383 F.3d 798, 800 (9th Cir. 2004). That authorization comes from Rule 4(f)(2)(C)(ii).

service. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). Therefore, the defendants may be served via "mail that the clerk addresses and sends to [the defendants] and that requires a signed receipt." Fed. R. Civ. P. 4(f)(2)(C)(ii); *see also, e.g.*, *Atl. Recording Corp. v. Iconic Holdings Ltd.*, No. 22-8602, 2022 WL 19076672, at *2 (C.D. Cal. Dec. 16, 2022) (granting foreign mail service by clerk of court to U.K. defendant pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii)).

As noted, Riles proposes 161 Bay Street, Toronto, Ontario, Canada, as the address for one of the Cybrid defendants. Dkt. 20. Additionally, the Court takes judicial notice of Corporations Canada's listing for defendant Cybrid Technology Inc. as "a source whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). *See also Zamudio v. Cnty. of Los Angeles*, No. 13-895, 2013 WL 3119178, at *4 (C.D. Cal. May 16, 2013) (taking judicial notice of the California Secretary of State Business Search). Corporations Canada also lists 161 Bay Street, 27th Floor, Toronto ON M5J 2S1, Canada, as the registered office address for defendant Cybrid Technology Inc. *See* Corporations Canada, https://ised-isde.canada.ca/site/corporations-canada/en (click "search for a federal corporation," then type "Cybrid" into the corporate name search bar, then click "search," then click "Cybrid Technology Inc."). In light of the above, mail to this address is reasonably calculated to inform Cybrid Technology Inc.[3]

Riles did not provide updated addresses for the three individual defendants. However, Corporations Canada lists an address for defendants Avinash Chidambaram and Brent

---

[3] As noted, in Riles's complaint and response to the Court's order for further briefing, Riles named multiple different Cybrid entities. Corporations Canada lists the same 161 Bay Street address for both Cybrid Technology Inc. (named in the complaint, dkt. 1) and Cybrid Payments Inc. (named in Riles's response, dkt. 20).

Carrara. *See* Corporations Canada, https://ised-isde.canada.ca/site/corporations-canada/en. That address is 100 King Street West, Suite 6200, 1 First Canadian Place, Toronto ON M5X 1B8, Canada. In light of this, the undersigned finds that mail to this address is reasonably likely to provide notice to Avinash Chidambaram and Brent Carrara.

Accordingly, the Clerk of Court is ordered to mail a copy of the complaint (dkt. 1), summons, Riles's *in forma pauperis* application (dkt. 2), the Court's screening order (dkt. 6), and this order. The Clerk must send these materials to (1) Cybrid Technology Inc., 161 Bay Street, 27th Floor, Toronto ON M5J 2S1, Canada; (2) Avinash Chidambaram, 100 King Street West, Suite 6200, 1 First Canadian Place, Toronto ON M5X 1B8, Canada; and (3) Brent Carrara, 100 King Street West, Suite 6200, 1 First Canadian Place, Toronto ON M5X 1B8. A signed receipt must be required.

Finally, Riles's complaint named one other entity (Cybrid.xyz, Inc.) and one other individual (Ali Irshad). Dkt. 1. The undersigned lacks addresses for these defendants. Riles must provide updated addresses for these defendants by **June 15, 2026**.

**IT IS SO ORDERED.**

Dated: April 28, 2026

Alex G. Tse
United States Magistrate Judge